# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BOOKER LINDSEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-cv-01512-SEP |
| JOHN DOE #1, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Booker Lindsey's Motion to Substitute Party, Doc. [22], Motion for Discovery, Doc. [24], and Motion to Appoint Counsel, Doc. [25]. Plaintiff filed his Complaint—the details of which are set out in the Court's May 9, 2022, Order, Doc. [7]—against five defendants in their individual capacities: John Doe #1, Unknown Francis, Unknown Since, Unknown Vandergriff, and John Doe #2. In that order, the Court dismissed the claims against Warden Vandergriff and Doe #2, but allowed the excessive force claims against Deputy Warden Francis, Major Since, and Doe #1 to proceed. *See id.* For the reasons set forth below, Booker's motion to substitute party is granted, and his motion for discovery—construed as a motion for leave to file a motion to compel—and third motion to appoint counsel are denied.

## DISCUSSION

### I. Motion to Substitute Party

On January 6, 2023, Plaintiff filed a motion asking the Court "for an order substituting John Doe #1 As a Defendant, for Timothy L. Brown." Doc. [22] at 1. Plaintiff's motion appears to be timely, as the Case Management Order ordered Plaintiff to file a motion for substitution of party with the Court, naming the correct legal name of defendant John Doe #1, no later than January 13, 2023. Doc. [18] at 2. Thus, the motion is granted.

### II. Motion for Discovery

Plaintiff has also filed a motion for leave to file a motion to compel. Doc. [24]. Having considered the motion, the Court denies it without prejudice. This Court's Local Rules provide:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts

to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A); *see also* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). Before Plaintiff files any discovery motion, he must first attempt to confer in writing with opposing counsel. If he and opposing counsel are unable to resolve the dispute, he may refile his motion with certification of his attempts to confer with opposing counsel.

### III.     Motion to Appoint Counsel

Plaintiff also requests that the Court appoint him counsel, Doc. [24]. For the same reasons cited in the Court's previous orders, Docs. [7], [17], the Court again denies the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Substitute Party, Doc. [22], is **GRANTED**. Defendant Timothy L. Brown shall be substituted for previous Defendant John Doe #1.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery, Doc. [24], is **DENIED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. [25], is **DENIED**.

Dated this 21st day of April, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDG

2