## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BOOKER LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:21-cv-01512-SEP |
| ) | |
| JOHN DOE #1, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Booker Lindsey's Motion for New Discover Evidence, Doc. [39]. Plaintiff asks the Court to "implement this (Report of Incident) as new discover evidence and/or as an exhibit in my behalf." *Id.* at 1. The motion includes a Missouri Department of Corrections Report of Incident Form dated August 13, 2021. *Id.* at 2.

It is not clear what relief Plaintiff is seeking with the motion. There are no other pending matters in his case to which the Report of Incident could be attached as an exhibit. If Plaintiff seeks to file the report on the docket simply to get it in front of the Court, that practice is prohibited by Eastern District of Missouri Local Rule 3.02(A), which states: "In civil actions, discovery and disclosure materials pursuant to Fed. R. Civ. P. 26, 30, 31, 33, 34, 35, and 36, and the certificates of their service, shall not be filed with the Court except as exhibits to a motion or memorandum." Additionally, Plaintiff did not sign the motion as required by Federal Rule of Civil Procedure 11(a): "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." For all of those reasons, the motion is denied.

If Plaintiff's motion is an attempt to compel discovery, similar to his Motion for Discovery, Doc. [24], Plaintiff must comply with Local Rule 3.04(A), which states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

*See also* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.").

Plaintiff remains free to file the Report of Incident as an attachment to his own motion or to a response to a motion by the Defendants. For example, if Defendants were to file a motion to dismiss, Plaintiff could file the Report of Incident as an attachment to his response to Defendants' motion. Plaintiff may not attach the document to a motion whose only purpose is to get the document onto the docket.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's for New Discover Evidence, Doc. [39], is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff must sign all future filing as required by Federal Rule of Civil Procedure 11(a).

Dated this 22nd day of November, 2023.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE